No. 91,877

In the Matter of MICHAEL K. SHEAHON, *Respondent.*

(102 P.3d 392)

Opinion filed December 3, 2004.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*James L. Sweet*, Sweet and Sheahon, argued the cause for respondent, and *Michael K. Sheahon*, respondent, argued the cause pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator, alleging respondent Michael K. Sheahon, an attorney practicing in Salina, Kansas, violated the Kansas Rules of Professional Conduct (KRPC). A hearing panel of the Kansas Board for the Discipline of Attorneys determined that the respondent violated KRPC 1.1 (2003 Kan. Ct. R. Annot. 324) (competence), KRPC 1.3 (2003 Kan. Ct. R. Annot. 336) (diligence), KRPC 1.4 (2003 Kan. Ct. R. Annot. 349) (communication), KRPC 1.16(d) (2003 Kan. Ct. R. Annot. 407) (declining or terminating representation), KRPC 8.1(b) (2003 Kan. Ct. R. Annot. 459) (bar admission and disciplinary matters), Supreme Court Rule 207(b) (2003 Kan. Ct. R. Annot. 250) and Supreme Court Rule 211(b) (2003 Kan. Ct. R. Annot. 264).

"In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.] Any attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. [Citations omitted.]

"This court views the findings of fact, conclusions of law, and recommendations made by the disciplinary panel as advisory, but gives the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Thus, the disciplinary panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. [Citations omitted.]" *In re Lober*, 276 Kan. 633, 636-37, 78 P.3d 442 (2003).

The hearing panel's findings of fact arose out of two complaints against respondent.

The first complaint was filed by Kevin V. Saunders. Saunders spoke to respondent in May 2001 about preparing a demand letter for him regarding a dispute with NuQuest Comics. Saunders had paid NuQuest $10,000 to prepare artwork and had given NuQuest some personal items; NuQuest had not completed the artwork and had not returned Saunders' personal items. Respondent agreed to prepare the letter.

For 10 months, Saunders tried to contact respondent about the status of the letter. He was successful once. In February 2002, Saunders mailed respondent a letter and a $100 check for a retainer fee. Respondent never prepared the demand letter. After additional attempts to contact respondent proved fruitless, Saunders demanded the return of the $100 and other materials he had given to respondent. Saunders went to respondent's office and retrieved his materials but did not receive the $100. The check was never deposited, and respondent returned the check to Saunders at the hearing before the disciplinary panel. NuQuest still had possession of Saunders' personal items at that point.

Michael Jensen filed the second complaint against respondent. Jensen retained respondent to represent him in a criminal matter, paying a retainer of $10,000. Respondent assured Jensen that any unearned portion would be returned at the conclusion of the representation, but the fee arrangement was not reduced to writing.

Respondent assisted Jensen in arranging a favorable plea agreement. After the plea hearing and sentencing, respondent did not return the unearned portion of the retainer. Jensen left messages at respondent's office, requesting an itemized bill. Respondent did not return the phone calls, nor did he provide an itemized bill. Jensen called the Disciplinary Administrator's office and was advised to request a full accounting of the $10,000 and the return of any unearned portion. Jensen made this request and was ignored. Finally, Jensen demanded the full accounting and a return of any unearned portion of the fee, this time within 2 days. When he was ignored a third time, he filed the complaint.

The Disciplinary Administrator's office notified respondent that the complaints were being investigated and requested a reply from the respondent within 20 days. Respondent did not reply, even

after an investigator wrote three letters. The Disciplinary Administrator then filed a formal complaint. Respondent failed to respond to all requests for an answer. He said that he did not open the third letter sent to him and that he was unaware of the formal proceedings until his law partner was contacted days before the panel hearing.

At the hearing, the panel discovered that respondent was unfamiliar with his law firm's billing system and ordered respondent to provide his trust account records. Respondent agreed to return any unearned portion of the $10,000 with interest to Jensen within "a couple of days" of the hearing. In addition, the panel suggested that respondent submit to a mental health evaluation, and respondent agreed to do so.

The respondent failed to return any money to Jensen or to provide the panel with his trust account records. The panel issued a scheduling order, closed the record, and ordered the parties to provide their recommendations. Respondent's law partner then entered his appearance for respondent and moved to reopen the hearing and to extend the time for submission of evidence. The Disciplinary Administrator did not object, and the motion was granted. Both parties were granted the opportunity to submit additional evidence and to recommend appropriate discipline.

Respondent then refunded the unearned portion of the Jensen fee, including interest, and submitted to a mental health evaluation. When the evaluator suggested respondent also undergo a substance abuse evaluation, he did so. Neither evaluation shed any meaningful light on why respondent had behaved as he did.

The panel concluded respondent failed to competently or diligently represent Saunders by not writing the demand letter, violating KRPC 1.1, and 1.3. In addition, by failing to respond to repeated requests for information from both Saunders and Jensen, respondent violated KRPC 1.4. The panel also concluded respondent violated KRPC 1.16(d) by failing "to 'surrender papers and property'" to Saunders when the representation was terminated and by failing to "to provide an accounting and return any unearned fees" to Jensen.

Because respondent also "knowingly failed to provide a written response to the . . . Disciplinary Administrator and the attorney investigators and because [he] failed to comply with the orders of the [panel]," the panel concluded respondent violated KRPC 8.1(b) and Supreme Court Rule 207(b). Finally, by failing to file an answer to the formal complaint, respondent also violated Supreme Court Rule 211(b).

Respondent sought a panel recommendation of supervised probation, but he failed to provide a detailed, workable, and substantial plan for such probation. The Disciplinary Administrator attempted to persuade the panel to recommend published censure and a fine of $2,500. Ultimately, the panel settled upon a recommendation of a 6-month suspension, mental health therapy, and development of written policies and procedures regarding respondent's billing system and operation of his trust account.

The panel's recommendation was based on its consideration of the following factors from the American Bar Association's Standards for Imposing Lawyer Sanctions:

"*Duty Violated.* The Respondent violated his duty to his clients to provide competent and diligent representation and adequate communication. Additionally, the Respondent violated his duty to the profession to cooperate in the disciplinary investigations.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injuries.* By taking no action in behalf of Mr. Saunders throughout the period of representation, the Respondent caused an actual injury to Mr. Saunders. His papers, documents, and other things continue to remain with NuQuest. Furthermore, the Respondent caused actual injury to Mr. and Mrs. Jensen by failing to return the unearned fees. Finally, by failing to provide Mr. and Mrs. Jensen with an accounting of the $10,000.00 fee, and by failing to cooperate in the disciplinary investigation, the Respondent caused injury to the legal profession."

## The panel found the following aggravating conduct:

"A Pattern of Misconduct. The Respondent failed to provide adequate communication to Mr. Saunders and Mr. and Mrs. Jensen and the Respondent failed to cooperate in two separate investigations. Accordingly, the Hearing Panel concludes that the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 211. By violating seven different rules that regulate the legal profession, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent failed to respond to two letters from the Disciplinary Administrator's office and seven letters from the disciplinary investigators. By failing to cooperate in the disciplinary investigation, the Respondent obstructed the disciplinary process.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to the practice of law in September, 1982. At the time of the misconduct, the Respondent had been practicing law for a period of twenty years. As such, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law."

## The panel found the following mitigating factors:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Absence of a Dishonest or Selfish Motive. No evidence was presented that the Respondent's misconduct was motivated by dishonesty or selfishness.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent has been an active and productive member of the Salina community by coaching children and supporting local activities. Additionally, the Respondent is an active and productive member of the bar in Salina, Kansas. He enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel."

## The panel also considered Standards 4.42 and 7.2.
## Standard 4.42 states:

"Suspension is generally appropriate when:
   (a) a lawyer knowingly fails to perform services for a client and causes injury to a client; or
   (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."

## Standard 7.2 states:

"Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system."

Before this court, the Disciplinary Administrator continues to recommend published censure and a $2,500 fine. The fine is intended as a deterrent to the lack of cooperation with the disciplinary process exhibited by respondent. For his part, respondent urges us to reject the panel's recommendation and accept the Dis-

ciplinary Administrator's. Respondent asserts that he has been an upstanding attorney for 20 years and agrees to follow a therapist's recommendations. He believes this will adequately protect the public and allow him to continue his practice.

Respondent does not challenge the panel's factual findings and we adopt and affirm them. They are sufficient to find violations of the enumerated rules by clear and convincing evidence.

Further, we are satisfied with the Disciplinary Administrator's recommendation of published censure. We decline to impose the suggested $2,500 fine. Fines are not expressly authorized by our disciplinary or other court rules, and we think it unwise to launch a practice of imposing them in this particular case. As the Disciplinary Administrator candidly acknowledged at oral argument, this particular respondent could probably have entered and successfully completed a diversion program if he had only participated in the process in a timely and responsible way.

IT IS THEREFORE ORDERED that the respondent, Michael K. Sheahon, be censured in accordance with Supreme Court Rule 203(a)(3) (2003 Kan. Ct. R. Annot. 226) for the violations found herein.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to respondent.

NUSS, J., not participating.

LARSON, S.J., assigned.